IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE BODO and OVIDIU ANDREICA, wife and husband, | ) ) ) Case No. 17 CV 9254 |
| Plaintiffs, | ) ) Judge Joan B. Gottschall |
| v. | ) ) |
| KIRSTJEN M. NIELSEN, Secretary, Department of Homeland Security, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Bernadette Bodo ("Bodo") and Ovidiu Andreica ("Andreica"), referred to here by their last names, married in 2011.[1] Compl. ¶ 1. Later that year, Bodo filed with the U.S. Citizenship and Immigration Service ("USCIS") a Form I-130 visa application on her husband's behalf, and Andreica simultaneously filed an application for adjustment of his immigration status (I-485). Compl. ¶ 1. The director of the USCIS Chicago field office initially denied the applications in 2013 based on a finding that the marriage was not bona fide, *see* 8 U.S.C. § 1154(a)(viii). Compl. ¶ 3. Plaintiffs appealed successfully to the Board of Immigration Appeals ("BIA"), which remanded the case to the USCIS in 2015 with instructions to "consider this evidence and any other evidence either party submits." Compl. ¶ 4; *see also id.* Ex. C at 2. After additional proceedings, the USCIS again denied plaintiffs' petitions on November 21, 2016.

---

[1] When determining whether subject matter jurisdiction is proper, "'the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter.'" *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (quoting *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004). The court draws the facts from plaintiffs' complaint and draws all reasonable inferences in defendants' favor.

1

Compl. ¶¶ 5–6. Plaintiffs again appealed to the BIA. Compl. ¶ 7. The BIA affirmed on November 21, 2017. Compl. ¶ 9; *id.* Ex. H.

Plaintiffs filed their complaint in this court two months later on December 22, 2017. In Counts I–III plaintiffs challenge the BIA's decision using the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (2). Count IV requests a writ of mandamus. Compl. 7–8.

Defendants move under Federal Rule of Civil Procedure 12(b)(1) to dismiss Count IV for lack of subject matter jurisdiction. Congress has given federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A writ of mandamus may issue when the following three elements are present: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available.'" *Burnett v. Bowen*, 830 F.2d 731, 733 (7th Cir. 1987) (quoting *Homewood Prof'l Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985)); *but see Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 590–91 (7th Cir. 2014) (court lacks subject matter jurisdiction over mandamus claim if plaintiff fails to exhaust available administrative remedies before filing suit).

Defendants argue that Count IV is moot because the BIA has rendered a decision, and so it owes plaintiffs no nondiscretionary duty. Alternatively, defendants contend that plaintiffs are not entitled to a writ of mandamus because the APA affords them an adequate remedy. Plaintiffs respond that there is a live controversy between them and that the defendants' remaining arguments raise merits questions rather than jurisdictional ones. *See* Resp. 1, 4–5, ECF No. 17. For the following reasons, the court agrees.

At the outset, the court reclassifies defendants' mootness argument as a standing challenge. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). Mootness doctrine concerns itself with post-filing events that "dissipate the requisite personal interest in the resolution of the claim that presumably existed at the commencement of the litigation." *Stevens v. Nw Ind. Dist. Council*, 20 F.3d 720, 724 n. 11 (7th Cir. 1994) (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). The BIA made the decision that allegedly eliminated this court's power to decide plaintiffs' mandamus claim before plaintiffs filed their complaint. The court therefore analyzes the issue as a standing problem. *See id.* (treating jurisdictional challenge as standing problem because the alleged injury "ended long before this case began").

"As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). To meet the minimum standing requirements of Article III, a plaintiff must prove three elements: (1) he or she suffered or will suffer a concrete and particularized injury that is actual or imminent; (2) the injury is fairly traceable to the defendant's action; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61; *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 291 (7th Cir. 2016).

Redressability is at issue here, and plaintiffs adequately allege it in their complaint. Plaintiffs plead in Count IV that defendants failed to perform a nondiscretionary duty owed to

them: "adjudicating her visa petition." Compl. ¶ 17. Plaintiffs seek the same relief as to all counts; they want the court to "[s]et aside the final agency action of denying [Bodo's] I-130 [application]; "[g]rant declaratory judgement or compel the agency to consider the evidence unlawfully ignored;" and "[g]rant declaratory judgement or compel the agency to apply the proper legal standard in adjudicating the visa petition." Compl. 9. If that relief is granted, the court knows of no reason, and defendants suggest none, that plaintiffs' claimed injuries—the denial of the I-130 Visa application and the related I-485 application for adjustment of status—would not be redressed, as might be the case if another statute prevented the USCIS from issuing the visa regardless of the court's ruling. *Cf. Taylor v. McCament*, 875 F.3d 849, 854–55 (7th Cir. 2017) (holding mandamus petition seeking to compel USCIS to issue 80,000 visas was moot because agency lacked statutory authority to issue them, even if the court ordered it to do so*)*; *Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006) (substantively same).

Defendants rely on a host of mootness cases decided by district courts in other circuits. *See* Resp. 3 (collecting authority). These cases depend on the precise relief the plaintiff seeks. If a plaintiff brings a mandamus action seeking to compel a decision, up or down, on a pending I-130 application, the agency's decision moots that claim because the plaintiff has received all the relief she was seeking in her complaint. *See, e.g., Abashaar v. Beecroft*, 2018 WL 1532704, at *2 (S.D. Ind. Mar. 29, 2018); *Kassem v. Napolitano*, 2010 WL 1267119, at *13 (E.D. Cal. March 30, 2010). The plaintiffs here define the duty defendants owe them differently. They claim that defendants must make a decision in a particular way, "in accordance with the appropriate legal standards." Resp. 5. Plaintiffs have therefore pleaded sufficient material in the complaint to establish standing.

Defendants' contention that they owe no nondiscretionary duty to plaintiffs on the facts alleged in the complaint implicates the line between jurisdictional and merits questions. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). A distinction therefore exists between essential ingredients of a federal court's subject matter jurisdiction and merits questions the court may decide only once it has satisfied itself that it has jurisdiction, such as whether a plaintiff has established "the essential ingredients of a federal claim for relief." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006). On which side of the line between jurisdiction and the merits a particular requirement falls "'is sometimes a close question.'" *Id.* at 516 (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (7th Cir. 2000)).

The Seventh Circuit drew the applicable line between jurisdiction and the merits for mandamus claims in *Ahmed v. Department of Homeland Security*, 328 F.3d 383, 385–87 (7th Cir. 2003). In *Ahmed*, the plaintiff brought a mandamus and APA suit seeking to compel the government to process her visa application, which had languished for more than two years. *See id.* at 384–85. The Seventh Circuit held that a federal district court has subject matter jurisdiction "unless the claim is so frivolous that it fails the *Bell v. Hood* test" for a complaint raising a frivolous federal question, "to determine whether the prerequisites for mandamus relief have been satisfied." *Id.* at 386–87; *see also Sutton v. Napolitano*, 986 F. Supp. 2d 948, 962 (W.D. Wisc. 2013). The Seventh Circuit ultimately resolved the merits question against the plaintiff in *Ahmed*, holding that the nature of the visa program in question precluded mandamus relief. *Ahmed*, 328 F.3d at 387–88.

5

Defendants raise only the jurisdictional question in the instant motion.  They do not argue that the complaint's claims are so frivolous that they fail to raise a non-frivolous federal question (the *Bell* test), so to the extent defendants argue that they owe plaintiffs no nondiscretionary duty, *Ahmed* requires this court to address their arguments on the merits.  *See Patel v. Rodriguez*, 2015 WL 6083199, at *5 (N.D. Ill. Oct. 13, 2015) (citing *LaSalle Nat'l Tr., N.A. v. ECM Motor Co.*, 76 F.3d 140, 143 (7th Cir 1996)) (rejecting similar arguments and holding district court had jurisdiction over mandamus claim); *see also Taylor*, *supra*, 875 F.3d at 854 (citing *Patel* with approval).

Defendants also contend that this court lacks jurisdiction over plaintiffs' mandamus claim because the APA affords them an adequate remedy for obtaining review of the agency decisions they challenge.  *See generally* 5 U.S.C. § 706; *Ind. Forest All., Inc. v. U.S. Forest Serv.*, 325 F.3d 851, 858 (7th Cir. 2003).  This, too, is a merits question.  Defendants cite no authority for the proposition that the existence of another remedy is jurisdictional.  *See* Mot. to Dismiss 4, ECF No. 14.  *Ahmed* again contradicts their position, for, again, it holds that whether "the prerequisites for mandamus" are satisfied is a merits question, not a jurisdictional one.  328 F.3d at 387.  The *Ahmed* court listed the questions raised by a mandamus petition that must be treated as merits issues: "does the plaintiff have a clear right to the relief sought; does the defendant have a duty to perform the act in question; and is there no other adequate remedy available."  328 F.3d at 387 (citing *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002)).  The last question is the very one defendants contend is jurisdictional here, Mot. to Dismiss 4, and so *Ahmed* requires this court to reject a jurisdictional challenge on this ground.  *See id.*; *Sutton*, 986 F. Supp. 2d at 948.

For the reasons stated, defendants' motion to dismiss for lack of subject matter jurisdiction, ECF No. 14, is denied.  The court emphasizes that, with the exception of standing, it

6

does not decide the merits of defendants' arguments.  As plaintiffs' APA claims can likely be decided on an administrative record, the parties are directed to confer and to propose a plan for expediting consideration of the merits of this case.  After conferring, the parties must file a status report and proposal on or before November 30, 2018.  A status conference is set for December 7, 2018, at 9:30 a.m.


Date:   November 9, 2018                            /s/
                                                    Joan B. Gottschall
                                                    United States District Judge